IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:22-cv-635 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ERIC T. ARMEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 4) filed by state prisoner Willie Harris under 28 U.S.C. § 2254. For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

**I.      Relevant Background**[2]

In this habeas case, Harris challenges the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County ("trial court") at criminal docket number CP-02-CR-3121-1997 following his conviction of first-degree murder in the shooting death of Roderick McMahon. On September 4, 1997, the trial court sentenced him to life imprisonment without the possibility of parole. The trial court's order stated: "AND NOW, to-wit, this 4th day of September, 1997 pursuant to 42 Pa.C.S.A. **§ 9715**, the Defendant is sentenced to undergo imprisonment in the State Correctional System for the period of his natural life, without parole[.]" (Sentencing Order, Resp's Ex. 3, ECF 17-1 at p. 31) (emphasis added).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The procedural history of Harris' criminal case is complex and extensive. The Court recites only those facts necessary to explain why it lacks jurisdiction to consider the Petition.

In 2014, Harris filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the validity of the conviction and sentence imposed on him for the murder of McMahon. That case was docketed as *Harris v. Wenerowicz, et al.*, No. 2:14-cv-1300 (W.D. Pa.). On July 14, 2016, the Court dismissed the petition as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), denied a certificate of appealability, and entered judgment for the respondents and against Harris. (ECF 15, 17, 18 in *Harris*, No. 2:14-cv-1300.)

Several years later, on November 20, 2019, the trial court issued an order titled "Corrected Order of Court," which stated:

> AND NOW, to-wit, this 20th day of November, 2019, it is hereby ORDERED, ADJUDGED and DECREED that the Order entered in the above-captioned case dated September 4, 1997, referring to 42 Pa.C.S.A. § 9715, be and hereby shall be corrected to reflect the proper Statute, that being, 42 Pa.C.S.A. § 9711.

(Resp's Ex. 123, ECF 21-6 at p. 1.)

Harris then filed a pro se appeal to the Superior Court of Pennsylvania in which he alleged that his life sentence was illegal, void or unconstitutional. (Resp's Ex. 125, ECF 2-16 at pp. 7.) In its Appellate Rule 1925(a) opinion, the trial court explained, in relevant part:

> The sentence imposed on Harris does not violate the Sentencing Code standards nor does it exceed the statutory maximum since the conviction for first-degree murder requires the imposition of a sentence of life without the possibility of parole. When Harris initially raised this claim that he was sentenced in error, this Court reviewed the sentencing documents and determined that there was a clerical error with respect to the proper citation of this section under which he was sentenced and filed a new sentencing Order which correctly identified the appropriate Section of the Sentencing Code for Harris' sentence.

(Resp's Ex. 126, ECF 21-6 at p. 9.)

In its opinion affirming the trial court's order, the Superior Court held:

> [Harris] was convicted of first-degree murder. Thus, 42 Pa.C.S. § 9715 is not relevant to [his] sentence. Section 9711 addresses sentences of either life imprisonment or the death penalty for individuals convicted of first degree murder.

2

> 42 Pa.C.S. § 9711. Accordingly, 42 Pa.C.S. § 9711 is the proper statutory provision that should have been referenced in [Harris'] sentencing order. Thus, the inclusion of Section 9715 in [Harris'] original sentencing order appears to have been clerical error only. The amended sentence did not impose upon [Harris] an illegal sentence. [Harris'] sentence of life imprisonment under 42 Pa.C.S. § 9711 was lawfully imposed following his conviction of first-degree murder.
>
> Furthermore, we note the inherent power of a trial court to correct a clerical error in one of its orders. "It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505[3] for the modification of orders." *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa. Super. 2011) (internal citation omitted). "As a matter of general guidance, our Supreme Court has sanctioned the use of the inherent authority in cases that involve clear errors in the imposition of sentences that were incompatible with the record or black letter law." *Id.* at 473.
>
> The trial court had the authority to amend the original sentencing order. By changing the statutory citation referenced in the order, the trial court did not resentence [Harris], but rather, identified the correct provision by which [Harris] had been sentenced. Thus, we cannot agree with [Harris] that the trial court's amended sentencing order imposed upon him an illegal sentence. Moreover, the trial court did not abuse its discretion in correcting the clerical error in the original sentencing order by issuing the amended sentencing order. [Harris] is entitled to no relief on this claim.

(Resp's Ex. 130, *Commonwealth v. Harris*, No. 20 WDA 2020 (Pa. Super. Ct. Jan. 22, 2021), ECF 21-9 at pp. 17-18.)

Harris commenced the instant federal habeas case in April 2022. In his § 2254 Petition (ECF 4) he once again challenges the judgment imposed on him for the murder of McMahon. He raises 14 grounds for relief and seeks an order from this Court directing that his conviction and sentence be vacated.

Respondents have moved to dismiss the Petition, asserting that its is untimely under AEDPA's statute of limitations. (ECF 16.) For the reasons discussed below, however, the Court

must dismiss the Petition because it is an unauthorized second or successive petition that the Court lacks jurisdiction to consider.[3]

## II. Discussion

AEDPA, codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a "second or successive habeas corpus application," he or she must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).[4] *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005).

---

[3] The Court has an independent obligation to make the threshold determination that it has jurisdiction to consider this case. The Court notes, however, that Respondents are apparently unaware that Harris filed a previous habeas petition that was dismissed as untimely. This may be because Harris' first habeas case was dismissed before service and, as a result, the District Attorney of Allegheny County may have not had notice of that case. Moreover, Harris, who submitted the Petition on the standard form for § 2254 cases, inaccurately stated in it that he had never filed another federal habeas petition challenging his first-degree murder conviction. (ECF 4 at p. 54.)

[4] A court of appeals may grant a state prisoner's application only if he or she make a prima facie showing that: (1) the claim presented in the application was not presented in his or her prior habeas case, 28 U.S.C. § 2244(b)(1); and (2) the claim he or she seeks permission to litigate "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" *id.* § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" *id.* §2244(b)(2)(B).

AEDPA does not define the phrase "second or successive" and not all numerically second (or greater) habeas corpus applications fall within the scope of § 2244(b). *See, e.g.*, *Magwood*, 561 U.S. at 332; *Lesko*, 34 F.th at 224 n.5; *Benchoff*, 404 F.3d at 817-18. The Supreme Court has explained that "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood*, 561 U.S. at 332-33. Thus, where "there is a new judgment intervening between the two habeas petitions,…an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341-42.

There is no question that the petition filed in this case is "second or successive" and that Harris requires authorization from the Court of Appeals in order to litigate it in this Court. In the Petition, Harris once again challenges the validity of his 1997 conviction and the life sentence imposed on him for the first-degree murder of McMahon. The trial court's 2019 corrected sentencing order did not amount to a new "judgment" that would permit him to file a second-in-time federal habeas petition without first obtaining authorization from the Court of Appeals. *See, e.g.*, *United States v. Ledesma-Cuesta*, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) (the inmate "points to no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief."); *May v. Kansas*, 562 F. App'x 644, 645-646 (10th Cir. 2014) (amended journal entry of judgment correcting error that sentences would run consecutively did not make convictions non-final or reset the date of the state court judgment for either timeliness or second-or-successive purposes); *see also* Brian R. Means, Federal Habeas Manual § 11:47, Westlaw (database updated May 2022) (collecting cases for the proposition that "[c]hanges to a judgment that are clerical in nature that do not involve reconsideration of the underlying conviction or punishment do not result in a 'new'

judgment for purposes of determining whether a later-filed petition or motion is second or successive. Only where a judgment is entered on account of new substantive proceedings involving reconsideration of either the defendant's guilt or his appropriate punishment is it a new judgment for purposes of AEDPA.")

A review of the Court of Appeals' docket establishes that Harris did not receive authorization to file a second or successive petition. Accordingly, this Court must dismiss the Petition for lack of jurisdiction.

### III. Conclusion

Based on the above, the Court will dismiss the Petition for lack of jurisdiction. Because jurists of reason would not find this holding to be debatable the Court will deny a certificate of appealability.[5]

An appropriate Order follows.

Date: February 21, 2023

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[5] AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. *See* 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.*" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).